## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DIONA WATSON, | |
| Plaintiff, | Civil Action No: 3:23-cv-00159-D |
| | AMENDED COMPLAINT |
| v. | |
| AFFIRM, INC., et.al., | DEMAND FOR JURY TRIAL |
| Defendant, | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff DIONA WATSON ("Plaintiff"), by and through her attorneys, Jaffer & Associates, PLLC, and brings this *Amended Complaint* against Defendants AFFIRM d/b/a AFFIRM IDENTITY INC., INC. ("AFFIRM"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), collectively referred to as the ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## <u>PREMLIMINARY STATEMENT</u>

1.      This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## <u>JURISDICTION AND VENUE</u>

2.      Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.,* commonly known as the Fair Credit Reporting Act ("FCRA").

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, the Defendant resides here, and the Defendant transacts business here.

**PARTIES AND SERVICE**

5.      Plaintiff is an individual and therefore a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.      At all times relevant to this case, Plaintiff is a resident of Dallas County, Texas.

**AFFIRM, INC. d/b/a AFFIRM IDENTITY INC.**

7.      Defendant AFFIRM is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

8.      AFFIRM is a corporation duly authorized and qualified to do business in the State of Texas and can be served with process upon its registered agent, C T Corporation System at 1999 Bryan St., STE. 900, Dallas, Texas 75201.

9.      AFFIRM meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

10.     Defendant Experian is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a company registered to do business in the State of Texas and may be served with process upon CT Corporation System its registered agent for service of process, at 1999 Bryan St., Ste 900, Dallas, TX 75201.

11.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

13.    As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## **FACTUAL ALLEGATIONS**

14.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15.    Plaintiff noticed on her credit reports that AFFIRM was furnishing two accounts, the first account ("Account OHINXXXX"), shows an original balance of $463.00 with a Status of Paid in Settlement with $135.00 written off. See copy of Plaintiff's Experian report dated November 3, 2022 attached as **Exhibit A**.

16.    The second account ("Account VFGTXXXX") AFFIRM is furnishing shows an original balance of $217.00 with a Status of Paid in Settlement. See **Exhibit B**.

**Experian Credit Report**

AFFIRM OHINXXXX ACCOUNT

17.    The Account has been reported as a Paid in Full for less than full balance with an original balance of $463.00. See, **Exhibit A**.

18.    On or about November 16, 2022, AFFIRM confirmed that Account OHINXXXX had an original balance of $436.07, was charged off in August of 2018 and was settled on December 17, 2021. See copy of email from Affirm Help Center attached as **Exhibit C**.

19.     Account OHINXXXX's payment history is reporting April 2018 as 30 days late followed by May 2018 as Current and then for June 2018 its jumps to 60 days late. See, **Exhibit A**.

20.     Account OHINXXXX's payment history is also reporting December 2020 as a Charge off after first reporting the account as charged off on August of 2018. See, **Exhibit A**.

21.     Plaintiff disputed with Experian several times.

22.     Experian verified the information as accurate on its investigation results dated February 16, 2022, March 16, 2022, September 3, 2022 and October 1, 2022. See copies of disputes results attached as **Exhibit D**.

AFFIRM VFGTXXXX ACCOUNT

23.     The Account has been reported as a Paid in Full for less than full balance with an original balance of $217.00. See, **Exhibit B**.

24.     On or about November 16, 2022, AFFIRM confirmed that Account VFGTXXXX had been charged off on September 12, 2018 and was settled on December 17, 2021. See copy of email from Affirm Help Center attached as **Exhibit C**.

25.     However, Account VFGTXXXX's payment history is reporting a "Collection" Status from September 2018 through March 2020. See, **Exhibit B**

26.     Furthermore, Account VFGTXXXX's payment history does not report the months of April 2020 to November 2020 but is furnishing December 2020 as 90 days late. See, **Exhibit B**.

27.     Plaintiff disputed with Experian several times.

28.     Experian verified the information as accurate on its investigation results dated February 16, 2022, March 16, 2022, September 3, 2022 and October 1, 2022. See **Exhibit D**.

**AFFIRM**

29.     Plaintiff disputed the Accounts with Experian.

30.     It is averred and believed that Experian forwarded Plaintiff's disputes to AFFIRM.

31.     It is averred an believed that AFFIRM conducted an investigation after receiving Plaintiff's disputes from Experian.

32.     To this day AFFIRM continues to report false and misleading information relating to the accounts on Plaintiff's credit reports despite Plaintiff's disputes.

33.     For these reasons, AFFIRM has violated the Fair Credit Reporting Act.

**<u>Credit Reporting Errors</u>**

34.     Experian continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

35.     Despite the disputes by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, Experian did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts were inaccurate.

36.     In the alternative, Experian failed to contact AFFIRM and therefore failed to perform any investigation at all.

37.     In the alternative it is alleged that Experian did forward some notice of the disputes to AFFIRM and AFFIRM failed to conduct a lawful investigation.

38.     Defendants' furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms.

39.     As a result of Defendants' conduct, Plaintiff's credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to

mental anguish, distress, and frustration and inability to obtain financing.

## FIRST CAUSE OF ACTION
### Willful Violation of the § 1681s2-b as to AFFIRM

41.     Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

42.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

43.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

44.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

45.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

46.     AFFIRM violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's dispute reported by Trans Union and Experian with respect to the Account; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

47.     Specifically, AFFIRM continues to report the Account as having been opened by Plaintiff

despite the FTC affidavit and other evidence that clearly shows Plaintiff was a victim of identity theft and the Account does not belong to her.

48.      As a result of the conduct, action and inaction of the AFFIRM, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49.      The conduct, action and inaction of AFFIRM was willful, rendering AFFIRM liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

50.      Plaintiff is entitled to recover reasonable costs and attorney's fees from AFFIRM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51.      **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against AFFIRM, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>**SECOND CAUSE OF ACTION**</u>
**Negligent Violation of § 1681s2-b as to AFFIRM**

52.      Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

53.      This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

54.      Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55.      Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency

when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

57.     AFFIRM is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

58.     After receiving Plaintiff's disputes, AFFIRM negligently failed to conduct its investigation in good faith and continued to report the Account stemming from identify theft.

59.     A reasonable investigation would require a furnisher such as AFFIRM to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

60.     As a result of the conduct, action and inaction of the AFFIRM, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61.     The conduct, action and inaction of AFFIRM was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

62.     Plaintiff is entitled to recover reasonable costs and attorney's fees from AFFIRM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

63.     **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against AFFIRM, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### Willful Violation of § 1681e(b) as to Experian

64.     Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

65.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

66.     Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

67.     Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

68.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional

pain, anguish, humiliation and embarrassment of credit denial.

69.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

70.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

71.    **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Experian

72.    Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

73.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

74.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

75.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

76.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

77.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

78.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**<u>FIFTH CAUSE OF ACTION</u>**
**Willful Violation of § 1681(i)(a) as to Experian**

79.    Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

80.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

81.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of

such inaccuracies and conducting reinvestigations.

82.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian

to comply with the Act include but are not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
   c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;
   e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;
   g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;
   h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

83.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by

loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional

pain, anguish, humiliation and embarrassment of credit denial.

84.    The conduct, action and inaction of Experian was willful, rendering Experian liable for

actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury

pursuant to 15 U.S.C. § 1681(n)

85.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

86.    **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian,

for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**SIXTH CAUSE OF ACTION**
**Negligent Violation of § 1681(i)(a) as to Experian**

87.    Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

88.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

89.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

90.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.      The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

91.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

92.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

93.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## DEMAND FOR TRIAL BY JURY

94.    Plaintiff request a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.    For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2.    For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

3.    For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

4.    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

5.    For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED:  January 25, 2023                              Respectfully Submitted,

*/s/ Allen Edgar Robertson III*

SHAWN JAFFER
SB 24107817
ALLEN EDGAR ROBERTSON III
SB 24076655
ROBERT LEACH
SB 24103582
PHILLIP POOL
SB 24086466

JAFFER & ASSOCIATES, PLLC
5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T) **214.494.1871** (F) **888.509.3910**
(E) ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was electronically filed and served via CM/ECF upon the following, in accordance with the Federal Rules of Civil Procedure on January 25, 2023.

*/s/ Allen Edgar Robertson III*

ALLEN EDGAR ROBERTSON III